# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABIE GARCIA, SR., <br> Plaintiff, <br> v. <br> NANCY A. BERRYHILL[1], *Acting Commissioner of Social Security*, <br> Defendant. | Case No. SA CV 16-1749 JCG <br><br> **MEMORANDUM OPINION AND ORDER** |

Abie Garcia, Sr. ("Plaintiff") challenges the Social Security Commissioner's decision denying in part his applications for disability benefits.[2] Plaintiff contends that the Administrative Law Judge ("ALJ") erred by failing to discuss the evaluation and opinion of examining orthopedic surgeon Dr. Ralph Steiger. (*See* Joint Stip. at 14-17.) The Court agrees with Plaintiff for the reasons discussed below.

---

[1] The Court **DIRECTS** the Clerk of Court to update the case caption to reflect Nancy A. Berryhill as the proper Defendant. *See* Fed. R. Civ. P. 25(d); (Corrected Joint Stipulation ("Joint Stip.") at 3 n.1).

[2] The ALJ found Plaintiff disabled beginning August 7, 2014 – the date he reached advanced age. Plaintiff challenges the finding that he was not disabled prior to that date. (Administrative Record ("AR") at 27.)

1

A. <u>The ALJ Improperly Ignored the Examining Physician's Evaluation and Opinion</u>

As a rule, if an ALJ wishes to disregard the opinion of an examining physician, "he or she must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). Additionally, the ALJ must discuss significant and probative evidence and explain why it was rejected. *See Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984).

Here, first, the ALJ provided no discussion, or even citation to, the examining physician's evaluation or opinion.[3] (AR at 19-27, 1089-1102, 1104-09); *see Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (ALJ erred by not mentioning doctor's clinical progress notes in written decision); *Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) ("[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it"); *Rocha v. Colvin*, 2014 WL 4606566, at *2 (C.D. Cal. Sept. 15, 2014) (finding it "perplexing" that ALJ did not address evaluation report because "in his decision, he went through each of the exhibits, but inexplicably leapfrogged [the report]").

Second, the Commissioner's argument — that it can be gleaned from the ALJ's "general assessment" of the record that she intended to reject the opinion — is not a sufficiently specific reason to uphold the decision. (Joint Stip. at 22); *see Murray*, 722 F.2d at 502; *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (federal courts "demand that the agency set forth the reasoning behind its decisions in a way that allows for meaningful review"); *Marsh*, 792 F.3d at 1172 (reviewing court may only affirm agency action on grounds invoked by agency).

---

[3] Dr. Steiger opined that Plaintiff had numerous limitations that interfered with his ability to work, and that his symptoms would likely increase if he were placed into a work environment. Dr. Steiger opined that Plaintiff is unable to perform full-time competitive work, and that his limitations applied as far back as June 18, 2013. (AR at 1106-09, 1101.)

Third, the omission is especially pronounced considering the examining physician's evaluation and opinion do not comport with residual functional capacity ("RFC"), and almost none of the limitations from those sources were included in the hypotheticals to the vocational expert ("VE"). (AR at 22, 37-38, 62-66, 1089-1102, 1106-09); *Marsh*, 792 F.3d at 1173 (the more serious the ALJ's error, the more difficult it is to show the error was harmless); *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (ALJ erred by failing to present restrictions in report to VE or state reasons for disregarding it in the written decision); *Butler v. Astrue*, 2010 WL 2816971, at *11-12 (E.D. Cal. July 16, 2010) (ALJ erred by failing to incorporate restrictions in evaluation report into RFC or pose restrictions to VE).

Thus, the ALJ improperly ignored the examining physician's evaluation and opinion.

### B. Remand is Warranted

With error established, this Court has discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to direct an immediate award of benefits. *Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004). But where outstanding issues must be resolved before a determination can be made, or where the record does not make clear that proper evaluation of the evidence would require a disability finding, remand is appropriate. *Id.* at 594.

Here, in light of the extreme limitations discussed in the examining physician's detailed evaluation and opinion, the Court cannot confidently conclude that the error in ignoring the evidence was harmless. *See Marsh*, 792 F.3d at 1173. On remand, the ALJ shall assess the examining physician's evaluation and opinion and either credit those sources, or provide valid reasons for any rejected portion. *Murray*, 722 F.2d at 502; *Vincent*, 739 F.2d at 1395.

Finally, the Court is mindful that "the touchstone for an award of benefits is the existence of a disability, not the agency's legal error." *Brown-Hunter*, 806 F.3d at 495. Because it is unclear, on this record, whether Plaintiff is in fact disabled, remand here is on an "open record." *Id.*; *Burrell v. Colvin*, 775 F.3d 1133, 1141-42 (9th Cir. 2014). The parties may freely take up any issue raised in the Joint Stipulation, and any other issues relevant to resolving Plaintiff's claim of disability, before the ALJ. Either party may address those points in the remanded, open proceeding.

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **REVERSING** the decision of the Commissioner denying benefits and **REMANDING** the matter for further administrative action consistent with this decision.

DATED: August 24, 2017

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

\*\*\*

**This Memorandum Opinion and Order is not intended for publication. Nor is it intended to be included or submitted to any online service such as Westlaw or Lexis.**

\*\*\*

4